**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TERESA L. SALGADO,<br>              Appellant, | DOCKET NUMBER<br>SF-0752-24-0477-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>              Agency. | DATE:  May 19, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

John J. Banaghan, Fort Bragg, North Carolina, for the agency.

Kristopher Motchenbacher, Esquire, Jolon, California, for the agency.

Bernard Gotmer, Fort Hunter Liggett, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her constructive removal appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

An employee may establish Board jurisdiction over a constructive adverse action by proving that she lacked a meaningful choice in the matter and that the agency's wrongful actions deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013). If the appellant presents a nonfrivolous allegation of Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). In the initial decision, the administrative judge found that the appellant nonfrivolously alleged that the agency engaged in wrongful acts but she did not nonfrivolously allege that she had no meaningful choice but to resign. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 9-11. The appellant challenges this finding on review and asserts that she was denied discovery that would have enabled her to establish jurisdiction. Petition for Review (PFR) File, Tab 1.

Specifically, the appellant repeats her allegation on review that the agency's actions caused her significant distress, resulting in her need to take 1 week of leave. PFR File, Tab 1 at 8. Even if true, we find that this does not

render her resignation involuntary, either on its own or when considering the totality of the circumstances. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶¶ 25-26 (2007) (observing that the alleged worsening of the appellant's medical condition by the apprehension caused by the agency's actions was insufficient to render her decision to retire involuntary); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (stating that an employee is not guaranteed an environment free of stress). Rather, we agree with the administrative judge, for the reasons discussed in the initial decision, that the appellant has not nonfrivolously alleged that she had no option but to resign. ID at 9-11.[2] Notably, the appellant had a pending equal employment opportunity (EEO) complaint at the time of her resignation, and she has not alleged that awaiting resolution of the complaint would have been futile. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that a resignation was not involuntary because the appellant did not prove that the agency was handling his EEO complaints inequitably or that the EEO process would have been futile).

The appellant also asserts on review that she was prejudiced by her inability to obtain discovery of certain information, including information concerning the agency's treatment of comparators.[3] PFR File, Tab 1 at 9-10. She

---

[2] We have considered the appellant's assertion that the administrative judge improperly weighed evidence in denying jurisdiction. PFR File, Tab 1 at 6. To the extent the administrative judge weighed the probative value of the passage of time between the agency's alleged coercive acts and the appellant's resignation, ID at 9, such consideration was error. At the jurisdictional stage, the Board may not weigh the probative value of an allegation that supports a claim of involuntariness because of the passage of time. *Trinkl v. Merit Systems Protection Board*, 727 F. App'x 1007, 1010-11 (Fed. Cir. 2018). However, any such error was harmless because, even without considering the passage of time, the appellant has not nonfrivolously alleged that she had no reasonable alternative but to resign. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 292 (1984).

[3] Before the administrative judge, the appellant stated that she wished to engage in discovery but did not identify or describe the type of information she sought. IAF, Tab 5 at 5.

asserts these facts relate to her claims of discrimination and retaliation. *Id.* Evidence of discrimination or retaliation may be considered insofar as it relates to the issue of voluntariness, i.e., whether under all of the circumstances, working conditions were rendered so intolerable that a reasonable person in the employee's position would have felt compelled to resign. *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996). The administrative judge considered the appellant's allegations that she was subjected to discrimination and retaliation. ID at 5-8. Even assuming the appellant nonfrivolously alleged that her supervisor's two instructions to work mandatory overtime and the resulting reprimand were discriminatory or retaliatory, the appellant has not nonfrivolously alleged, for the reasons explained in the initial decision and described above, that she had no reasonable alternative but to resign. Thus, her arguments about discovery are insufficient to warrant a different result. *See Todd v. Department of Defense*, 63 M.S.P.R. 4, *9 (1994) (affirming the initial decision dismissing the appeal for lack of jurisdiction, which was issued before the parties initiated discovery), *aff'd*, 55 F.3d 1574 (Fed. Cir. 1995); *cf. Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007) (remanding an appeal for the parties to engage in discovery where the appellant established that the information sought in discovery was relevant to the issue of Board jurisdiction).[4] Accordingly, we deny the appellant's petition for review and affirm the initial decision.

---

[4] The appellant has also asserted on review that the administrative judge improperly granted the agency's motion for an extension of time to file a response to his orders without giving the appellant 10 days to respond. PFR File, Tab 1 at 6. The appellant has not established that the administrative judge abused his discretion in granting the agency's motion or that she was prejudiced by this decision. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 126-27 (1981). The administrative judge's ruling permitted the appellant to serve discovery requests at any time on or before the extended deadline. *See* 5 C.F.R. § 1201.71 (explaining that parties are expected to start and complete discovery with a minimum of Board intervention).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.